UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AYDEE NARANJO, individually and on behalf of similarly situated individuals, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:21-CV-2883-B |
| NICK'S MANAGEMENT, INC., NICK'S CLUBS, INC., f/k/a ADVENTURE PLUS ENTERPRISES, INC., d/b/a PT'S MENS' CLUB, and NICK MEHMETI, | § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Nick's Management, Inc., Nick's Clubs, Inc., and Nick Mehmeti (collectively "Defendants")'s Motion to Dismiss and/or Stay this Action (Doc. 13). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion.

I.

BACKGROUND

This is a Fair Labor Standards Act ("FLSA") case. From approximately June 2020 to May 2021, Plaintiff Aydee Naranjo ("Plaintiff") worked as an exotic dancer for Defendants. Doc. 1, Compl., ¶ 2. On November 17, 2021, Plaintiff, "on behalf of herself and all other exotic dancers who have worked [for Defendants]," filed her Complaint (Doc. 1) alleging that Defendants "misclassified [her and other exotic dancers] as independent contractors[,] [that Plaintiff and other dancers] were not paid minimum wage or overtime compensation as required by the [FLSA], and [that Plaintiff and

-1-

other dancers] were subject to unlawful kick-backs under the FLSA." Doc. 1, Compl., ¶ 7. Defendants' Motion to Dismiss and/or Stay (Doc. 13) ("Defendants' Motion to Dismiss") followed on December 20, 2021. Doc. 13, Defs.' Mot. Dismiss. The Motion being ripe, the Court turns to the merits.

## II.

## LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "A motion to dismiss under Rule 12(b)(6) is 'viewed with disfavor and is rarely granted.'" *Priester v. Lowndes Cnty.*, 354 F.3d 414, 418 (5th Cir. 2004) (quoting *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)).

To survive such a motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The determination of whether a claim should be dismissed is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper

attachments." *Dorsey v. Port. Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citing *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006)). However, a court may consider documents attached to a motion to dismiss so long as those documents "are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 49899 (5th Cir. 2000)).

### III.

### ANALYSIS

The FLSA provides the minimum wage and overtime pay requirements of employers engaged in interstate commerce. *See* 29 U.S.C. §§ 206, 207. Under § 216(b), a qualifying employer who fails to pay an employee the federally mandated minimum wage and/or one-and-one-half times the employees regular rate of pay for work completed over forty hours per week will be liable to the employee.

Defendants present four arguments why Plaintiff's claim for minimum/overtime wage compensation under the FLSA should be dismissed. First, Plaintiff entered into an enforceable collective/class action waiver via the Licensing Agreement. Doc. 13, Defs.' Mot. Dismiss, ¶ 2. Second, Plaintiff violated a condition precedent of the Licensing Agreement. *Id.* ¶ 1. Third, "Plaintiff's 'kickback' cause of action is not a private cause of action." *Id.* Fourth, Plaintiff's Complaint does not meet the standards of *Iqbal* and *Twombly*. *Id.* Below, the Court begins by discussing whether it can consider the Licensing Agreement at this stage, which impacts Defendants' first two arguments. The Court then addresses Defendants' remaining two arguments.

A.     *Consideration of the Licensing Agreement*

The Court first addresses whether it is proper to consider the Licensing Agreement at this stage to determine whether Plaintiff waived her right to bring this collective action and whether that Agreement established a condition precedent to suit. Defendants argue that the Licensing Agreement may be considered by the Court because its terms are "referenced throughout the Complaint and [its] provisions . . . are central to Plaintiff's claims." *Id.* at 1 n.1 (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205). Plaintiff responds that the introduction of the Licensing Agreement is premature because she has not yet moved for conditional certification of a collective action. Doc. 17, Pl.'s Resp., 6–7. Should she move for certification, Plaintiff contends it would be more appropriate to then consider the Licensing Agreement in determining "whether collective action certification and FLSA notice is appropriate." *Id.* at 7 (citing *Khanna v. Inter-Con Sec. Sys., Inc.*, 2009 WL 10730978, at *3 (E.D. Cal. Nov. 12, 2009)).

The Court finds *Heath v. L.L.C., Inc.* persuasive on this issue. 2021 WL 327702 (W.D. Tex. Feb. 1, 2021), *report & recommendation adopted by* 2021 WL 2908647 (W.D. Tex. Mar. 2, 2021). There, the plaintiff filed a collective action against her employer, alleging various violations of the FLSA. *Id.* at *1. The employer filed a motion to dismiss, contending in part that the plaintiff signed an enforceable collective action waiver. *Id.* The plaintiff argued that the contract containing that waiver was not reviewable at the motion-to-dismiss stage and that she did not provide any evidence regarding the validity of the contract because she believed that the correct time to resolve that issue was the certification stage. *Id.* at *3–4. The employer responded that because the plaintiff signed this provision she lacked standing as to this part of her claim and that the court thus lacked jurisdiction over that part of the plaintiff's claim, which would make the contract reviewable. *Id.* The court held

that while the employer's arguments were stronger, the plaintiff should be provided an opportunity to fully argue the enforceability of the contract and its provisions. *Id.* at *4. Ultimately, the court denied the employer's Motion to Dismiss without prejudice, and the plaintiff was "ordered to file an amended complaint setting forth the facts she contends would support her argument that she is not contractually prohibited from seeking to have her case certified as a class or collective action." *Id.*

Like in *Heath*, the Licensing Agreement here is likely central to Plaintiff's collective action claim because the Agreement speaks directly to her ability to pursue the claim. However, "the Court is reluctant to dismiss the [collective action] claim[] without giving [Plaintiff] an opportunity to present her arguments and evidence on [the enforceability of the Licensing Agreement]." *Id.* Accordingly, the Court **DENIES WITHOUT PREJUDICE** Defendants' Motion on this ground, but **ORDERS** Plaintiff to file an amended complaint laying out the facts she believes support her contention that she is not bound by the disputed provisions of the Licensing Agreement.

B.    *Plaintiff's "Kickbacks" Cause of Action*

The Court next addresses Defendants' argument related to Plaintiff's "kickbacks" cause of action. In her Complaint, Plaintiff alleges that "[t]he house fees, 'funny money' fee, and mandatory tip-outs that Defendants required from Plaintiff . . . constitute unlawful 'kick-backs' to an employer under the FLSA, 29 U.S.C. § 203(m)." Doc. 1, Compl., ¶ 24. Subsection 203(m)(2)(B) states that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

Defendants argue that, even assuming Plaintiff's allegations are true, this Court must dismiss this claim because § 203(m) does not create a private cause of action for anything other than

minimum or overtime wages. Doc. 13, Defs.' Mot. Dismiss, ¶ 7 (citing *Trejo v. Ryman Hosp. Prop., Inc.*, 795 F.3d 442 (4th Cir. 2015)). Plaintiff responds that when a tip pool includes employees that do not customarily receive tips, "the employee is owed all tips he or she contributed to the pool and the full $7.25 minimum wage." Doc. 17, Pl.'s Resp., 13 (quoting *Montano v. Montrose Rest. Assocs., Inc.*, 800 F.3d 186, 189 n.6 (5th Cir. 2015)).

The Court agrees with Defendants. As they relate to FLSA claims, "[k]ickbacks are not *per se* illegal, but only when they reduce the wage below the minimum or overtime wages required by the FLSA." *Cudnik v. W.L. York, Inc.*, 2021 WL 3674972, at *3 (S.D. Tex. Feb. 5, 2021) (citation omitted). The issue raised by Plaintiff's Complaint deals with a requirement of tip-outs and fees related to services provided by Defendants, not a tip pool. *See* Doc. 1, Compl., ¶¶ 3–5. More relevant here is 29 C.F.R. § 531.35, which states that "[t]he *wage requirements* of the Act will not be met where the employee kicks-back directly or indirectly to the employer . . . the whole or part of the wage delivered to the employee." (emphasis added). Because Plaintiff fails to plead a claim for "unlawful kickbacks," Defendants' Motion is **GRANTED "**to the extent kickbacks are pleaded as an independent cause of action. However, the alleged kickbacks may be considered in determining Defendants' compliance with the [minimum and overtime wage] provisions of the FLSA." *Cudnik*, 2021 WL 3674972, at *3.

C.  *Plaintiff's Pleading Under* Twombly *and* Iqbal

The Court next addresses whether Plaintiff has satisfied the pleading requirements of *Iqbal* and *Twombly*. To successfully plead a claim under the FLSA, a plaintiff must plausibly allege: (1) the existence of an employee/employer relationship during the relevant time, (2) that the plaintiff's job responsibilities were covered by the FLSA (i.e., connected to interstate commerce), (3) "that the

employer violated the FLSA's [minimum or] overtime-wage requirements," and (4) the amount of pay due. *White v. U.S. Corr., L.L.C.*, 996 F.3d 302, 309 (5th Cir. 2021).

Defendants argue that Plaintiff failed to adequately plead the interstate commerce element with the requisite particularity and that Plaintiff's minimum and overtime wage allegations are also too generic. Doc. 13, Defs.' Mot. Dismiss, ¶¶ 12–14. Plaintiff responds by pointing to *Molina-Aranda v. Black Magic Enterprises, L.L.C.* as evidence that she has sufficiently pled interstate commerce in line with Fifth Circuit precedent. Doc. 17, Pl.'s Resp., 14–15 (citing 983 F.3d 779 (5th Cir. 2020)). Plaintiff then argues that previous cases "in this Circuit and around the country[] have found exotic dancers' claims to be subject to the FLSA." *Id.* at 16.

To establish the interstate commerce element, a plaintiff must demonstrate either individual or enterprise coverage. *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (citing 29 U.S.C. § 207(a)(1)). Individual coverage exists if the employee "is engaged in commerce or in the production of goods for commerce," which can be determined by inquiring "whether the work is so directly and vitally related to the functioning or an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it rather than an isolated local activity." 29 U.S.C. § 207(a)(1); *Williams v. Henagan*, 595 F.3d 610, 621 (5th Cir. 2010) (citing *Sobrinio v. Med. Ctr. Visitors Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007)). Enterprise coverage, in turn, exists where the employee is employed by "an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

The Court finds that Plaintiff has sufficiently pled enterprise coverage. Under the FLSA, a business is an enterprise if it "has employees . . . handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and . . . [the business's]

annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1). To plead enterprise coverage here, "Plaintiff[] need only plausibly allege that [she] handled goods or materials that had at some point traveled interstate." *Molina-Aranda*, 983 F.3d at 787. In *Johnson v. North Texas Dancers, LLC*, plaintiff exotic dancers pled enterprise coverage in terms almost identical to those pled by Plaintiff here. *See* 2021 WL 2077649, at *3 (N.D. Tex. May 24, 2021). The *Johnson* court held, based on undisputed summary-judgment evidence, that the plaintiff had successfully established that the defendant was a covered enterprise. *Id.* Here, should Plaintiff's factual allegation that Defendants' annual gross volume of sales made or business done exceeds $500,000 prove true, then Defendants would be a covered enterprise like the defendant in *Johnson*. Doc. 1, Compl., ¶ 9. Thus, taken as true, Plaintiff's pleadings sufficiently allege enterprise coverage under the FLSA.

As to the FLSA claims themselves, the Court also finds the Complaint sufficient. Plaintiff makes factual allegations such as "Plaintiff and other exotic dancers often worked 40 or more hours a week," "Defendants . . . failed to pay Plaintiff and collective action members overtime wages for work in excess of forty hours in a week," and "Defendants did not pay Plaintiff and other exotic dancers any wages." *Id.* ¶¶ 11–12, 22. Similar allegations were made in both *Hoffman v. Cemex, Inc.* and *Solis v. Time Warner Cable San Antonio, L.P. Hoffman v. Cemex, Inc.*, 2009 WL 4825224, at *3 (S.D. Tex. Dec. 8, 2009); *Solis v. Time Warner Cable San Antonio, L.P.*, 2010 WL 2756800, at *2 (W.D. Tex. July 13, 2010). The court in both cases found that the "factual allegations . . . if proven, would entitle plaintiffs to relief." *Solis*, 2010 WL 2756800, at *2 (citing *Hoffman*, 2009 WL 4825224, at *3). Also, while "the complaint was not 'replete with factual allegations,' the plaintiffs' allegations placed the defendant on notice that the claim involved unpaid overtime under the FLSA." *Id.* Here

too, while the Complaint is not "replete with factual allegations," it placed Defendants on notice that the claim involved unpaid minimum and overtime wages under the FLSA. *Id.* (quoting *Hoffman*, 2009 WL 4825224, at *3). Moreover, the Court is satisfied that Plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (2007). Because the Complaint is sufficient, Defendants' Motion is **DENIED** as to this issue.

## IV.

## CONCLUSION

For these reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion (Doc. 13). Specifically, the Court **GRANTS** Defendants' Motion as to Plaintiff's "kickbacks" cause of action and **DISMISSES** that claim **WITH PREJUDICE**. The Court **DENIES** Defendants' Motion in all other respects. However, the Court **ORDERS** Plaintiff to file an amended complaint laying out the facts supporting her assertion that she is not bound by the Licensing Agreement within **FOURTEEN (14)** days of this Order.

**SO ORDERED**.

**SIGNED: June 28, 2022.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE